| | |
|---|---|
| Ali S. Razai (SBN 246,922)<br>ali.razai@knobbe.com<br>Jared C. Bunker (SBN 246,946)<br>jared.bunker@knobbe.com<br>Brandon G. Smith (SBN 307,676)<br>brandon.smith@knobbe.com<br>KNOBBE, MARTENS, OLSON &<br>BEAR, LLP<br>2040 Main Street, Fourteenth Floor<br>Irvine, CA  92614<br>Telephone: (949) 760-0404<br>Facsimile:  (949) 760-9502<br><br>Holly M. Gordon (*pro hac vice*)<br>holly.gordon@knobbe.com<br>KNOBBE, MARTENS, OLSON &<br>BEAR, LLP<br>1717 Pennsylvania Avenue Suite 900<br>Washington DC 20006<br>Tel: (202)640-6400<br>Fax: (202) 640-6498<br><br>Attorneys for Plaintiff<br>SIMPLEHUMAN, LLC | Barry Thompson<br>barry.thompson@bakermckenzie.com<br>Michelle Chung<br>michelle.chung@bakermckenzie.com<br>**BAKER & MCKENZIE LLP**<br>10250 Constellation Blvd., Suite 1850<br>Los Angeles, California 90067<br>Tel: +1 310 201 4728<br>Fax: +1 310 201 4721<br><br>James S. Blank<br>james.blank@bakermckenzie.com<br>**BAKER & MCKENZIE LLP**<br>452 Fifth Ave.<br>New York, NY 10018<br>Tel: +1 212 626 4100<br>Fax: +1 212 310 1600<br><br>Christian S. Morgan<br>christian.morgan@bakermckenzie,com<br>**BAKER & MCKENZIE LLP**<br>300 E. Randolph St., Suite 5000<br>Chicago, IL 60601<br>Tel: +1 312 861 8000<br>Fax: +1 312 861 2899<br><br>Attorneys for Defendant<br>JONATHAN Y DESIGNS , INC. |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMPLEHUMAN, LLC,<br>a California Limited Liability Company<br><br>    Plaintiff,<br><br>    v.<br><br>JONATHAN Y DESIGNS, INC. D/B/A HAPPIMESS,<br>a New York Corporation<br><br>    Defendant. | Civil Action No. 22-cv-3965-AB (MARx)<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |

1. INTRODUCTION

    1.1   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

    1.2   GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over

confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

    2.1    Action: this pending federal lawsuit, *simplehuman LLC v. Jonathan Y Designs Inc. d/b/a happimess*, 22-cv-3965-AB (MARx) (C.D. Cal.).

    2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4    Counsel: attorneys who are not employees of a Party to this Action or the New York Action but are retained to represent or advise a Party to this Action or the New York Action and have appeared in this Action or the New York Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

    2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    2.6    Disclosure or Discovery Material: all items or information

regardless of the medium or manner in which it is generated, stored, or maintained (including among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses in discovery in this Action or the New York Action.

2.7   Expert: a person with specialized knowledge or experience in a matter pertinent to this Action or the New York Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action or the New York Action.

2.8   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: "CONFIDENTIAL" Information or Items that in the good faith belief of such Party and its Counsel are among that considered to be most sensitive by the Party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

2.9   New York Action: *simplehuman LLC v. Jonathan Y Designs Inc. d/b/a happimess*, 1:22-cv-6052 (AKH) (S.D.N.Y.).

2.10   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action or the New York Action.

2.11   Party: any party to this Action or the New York Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action or the New York Action.

2.13   Professional Vendors: persons or entities that provide litigation support services and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   Receiving Party: a Party that receives Disclosure or Discovery

Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected material, and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this Action and the New York Action, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action and the New York Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action and the New York Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are

1  not swept unjustifiably within the ambit of this Order.

2       Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

     5.2   <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

     Designation in conformity with this Order requires:

     (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as applicable) (hereinafter the "legend"), to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

     A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for

inspection will be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the applicable "legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, or within ten days of the close of the deposition, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the applicable legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order<u>.</u>

<u>6</u>.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's

Scheduling Order.

6.2     Meet and Confer. The Challenging Party will initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3     Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4     Burdens. The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action or the New York Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" only to:

(a) the Counsel and their support staff;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and for whom the Receiving Party has complied with the following procedure: before access is given, the consultant or expert's signed Acknowledgement and Agreement to Be Bound is served on the Producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) within the past four years and a list of the companies that the individual has been employed by or provided consulting services to within the past four years; the Producing Party then has ten business days to object in writing to the disclosure of Protected Material; the parties agree to promptly confer and use good faith to resolve any objection; if the parties are unable to resolve any objection, the Producing Party may file a motion for a protective order with the Court within fifteen days of Receiving Party's receipt of the objection in writing; the Producing Party will have the burden of proving the need for a protective order;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3   Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) any person who may view information or items designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under Section 7.2; and

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action.

8. **PROTECTED MATERIAL SUBPOENAED OR ODERED PRODUCED IN ANOTHER LITIGATION**

The parties agree that discovery in this Action and the New York Action shall be shared, and any document produced in this Action shall be deemed produced in the New York Action. No Party waives objections to the admissibility of documents or information in either this Action or the New York Action.

If a Party is served with a subpoena or court order issued in other litigation that compels disclosure of any information or items designated in this Action as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in

this action as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Producing Party that inadvertently or

unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the Receiving Party and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The Receiving Party shall gather and return all copies of such documents, information, or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the Receiving Party, which pages shall instead be destroyed and certified as such to the Producing Party.

12. MISCELLANEOUS

    12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    <u>12.3</u> <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13. FINAL DISPOSITION

    After the final disposition of this Action and the New York Action, as defined in section 4, within 60 days of a written request by the Designating Party,

each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 7, 2022          By: /s/ Brandon G. Smith

Ali S. Razai
Jared Bunker
Brandon Smith
Holly Gordon

*Attorneys for Plaintiff*
SIMPLEHUMAN, LLC

Dated: October 7, 2022                   By: */s/ Barry Thompson*

                                                            Barry Thompson
                                                            James S. Blank
                                                            Michelle Chung
                                                            Christian S. Morgan

                                                            *Attorneys for Defendant*
                                                            JONATHAN Y DESIGNS , INC.

## **FILER'S ATTESTATION**

      Pursuant to Local Rule 5-4.3.4 regarding signatures. I hereby attest that the concurrence in the filing of this document has been obtained from all signatories above.

Dated: October 7, 2022                   By: */s/ Brandon G. Smith*
                                                            Brandon G. Smith

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**

Dated: October 14, 2022                  By: [signature]

                                                            Honorable Margo A. Rocconi
                                                           United States Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *simplehuman LLC v. Jonathan Y Designs Inc. d/b/a happimess*, 22-cv-3965-AB (MARx) (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint_____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed name:_____

Signature:_____